# CIRCUIT COURT OF CHESTERFIELD COUNTY

Richard L. Stuller
and C. Michael Finfgeld

v.

Brian T. Connelly
and Stuller, Connelly,
and Finfgeld, L.L.C.

November 3, 2015

Case No. CL15-1757

BY JUDGE DAVID E. JOHNSON

This matter came to be heard upon a Complaint for Judicial Dissolution and Appointment of Trustee filed by Plaintiffs Richard L. Stuller and C. Michael Finfgeld against Defendants Brian T. Connelly and Stuller, Connelly & Finfgeld, L.L.C., a Virginia limited liability company (the "Company"). The Complaint requests that this Court dissolve the Company and appoint a trustee to undertake the winding down of affairs. Stuller and Finfgeld seek judicial dissolution of the Company and the appointment of a trustee pursuant to (1) the terms of an Operating Agreement and (2) the Court's authority pursuant to § 13.1-1047 of the Code of Virginia.

Connelly responded by filing a Motion To Quash, an Answer, a Motion for Sanctions, a Motion To Dismiss, and a Motion To Disqualify Plaintiffs' Counsel. Stuller and Finfgeld responded to the Motions to Disqualify, for Sanctions, and to Dismiss. Connelly responded to the Motion To Appoint a Trustee and submitted briefs in support of his Motions to Dismiss and to Disqualify. Stuller and Finfgeld's Motion To Appoint a Trustee and Connelly's Motions for Sanctions and to Disqualify were argued before the Court on October 15, 2015.

*Facts*

On January 1, 2001, Stuller, Finfgeld, and Connelly entered into an agreement titled "Operating Agreement of Stuller, Connelly & Finfgeld, L.L.C" (the "Operating Agreement"). The initial purpose of the Company was to sell and service insurance and investment products. Op. Ag. § 2.01. Stuller, Finfgeld, and Connelly were members of the Company and unanimously elected themselves as the initial managers. *Id.* § 5.02. In February 2015, Connelly filed a Complaint for Judicial Dissolution and Appointment of a Trustee (Case No. CL15000336) and a Motion/Petition for Preliminary Injunction (Case No. CL15000337). The preliminary injunction was granted and subsequently dissolved. The judicial dissolution action was nonsuited. On April 1, 2015, Stuller and Finfgeld removed Connelly as a manager at a noticed special meeting of the members of the Company. Stuller and Finfgeld filed the instant case in July 2015.

## Motion To Disqualify Plaintiffs' Counsel

Connelly contends that Stuller and Finfgeld's legal counsel, Stephen C. Conte, Esquire, Robin M. Morgan, Esquire, and Blackburn, Conte, Schilling & Click, P.C. (the "law firm") must be disqualified from representation due to an impermissible conflict of interest pursuant to Rules 1.7 and 1.9 of the Virginia Rules of Professional Conduct. Connelly's motion is based on the fact that Conte, Morgan, and the law firm previously represented the Company in defending actions brought by Connelly for judicial dissolution of the Company and for an injunction. Conte, Morgan, and the law firm now represent Stuller and Finfgeld in this action for judicial dissolution of the Company, the former client. Connelly asserts: (1) that the matter in the previous actions is the same or substantially similar to the present action; (2) that Stuller and Finfgeld are adverse parties to the Company and their interests are adverse; (3) the consent of the Company given to counsel is, alternatively, non-existent, insufficient, or of no force; and (4) that there is an irrebuttable presumption that confidential information was conveyed by the Company to Conte and Morgan. Stuller and Finfgeld respond that, following consultation with Conte and Morgan, they waived in writing any conflict or potential conflict of interest involving the law firm or respective counsel in naming the Company as a party defendant and proceeding with the Complaint. Stuller and Finfgeld assert that the litigation is a dispute between the members of the Company and that the Company is named as a party defendant by necessity. Stuller and Finfgeld deny that any confidential information has been shared with Conte or Morgan that would affect their ability to represent them inconsistent with the Rules of Professional Conduct.

At the outset, the Court expresses its view that the matter of disqualification pursuant to the Rules is a matter best addressed, at least

initially, by the Standing Committee on Legal Ethics of the Virginia State Bar. An advisory opinion, though not binding on the Court, would address the difficult issue of professional discretion raised herein and could have provided a resolution within the framework of the Rules. In addition, the submission of the issue to the committee ensures a level of expertise and consistency in interpreting the Rules that may not always be present with another tribunal. The attorneys' having opted not to submit the matter to the committee, this Court will rule on the motion.

The relevant portion of Rule 1.7 provides as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client . . . (b) notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if each affected client consents after consultation, and . . . (4) the consent from the client is memorialized in writing.

Va. Sup. Ct. R., pt. 6, § II, R. 1.7. The relevant portion of Rule 1.9 provides as follows:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation.

*Id.* R. 1.9(a).

There is no question that the matter raised in the instant case is substantially related to the matter raised in the previous actions: the parties are the same, the Company is the same, and the ultimate issue, the dissolution of the Company, is the same. Therefore, Connelly asserts that "[a] lawyer may not represent a new client against a former client in the same or a substantially related matter." Defendant Michael Connelly's Brief in Support of His Motion To Disqualify Plaintiff's Counsel, at 7 (Oct. 9, 2015). Connelly's assertion, however, is not a complete statement of the ethical standard. The interests of the new client must be "materially adverse" to the interests of the former client.

The current clients, Stuller and Finfgeld, are managers of the former client. The Operating Agreement outlines the powers of the managers. Several pertinent provisions read as follows:

> 5.01 Powers of Managers. Except as expressly provided otherwise in . . . this Operating Agreement, the powers of

the Company shall be exercised by or under the authority of, and the business and affairs of the Company shall be managed by, one or more Managers. The powers so exercised shall include but not be limited to . . . (a) Entering into, making, and performing contracts, agreements, and other undertakings binding the Company that may be necessary, appropriate, or advisable in furtherance of the purposes of the Company . . . (g) Employing from time to time persons, firms, or corporations for the operation and management of various aspects of the Company's business, including, without limitation . . . attorneys . . . (m) Doing and performing all such things . . . as may be in furtherance of the Company's purposes and necessary and appropriate to the conduct of business.

Op. Ag. § 5.01. The Operating Agreement further provides that any action can be taken on behalf of the Company by "the vote, approval, or consent of a majority of the managers." *Id.* § 5.03.

The next relevant portion of the Operating Agreement is found in Article VII, Section 7.04(h):

In the event of a common dispute on [sic] in the event all of the Members passed away within a period of thirty days, then Frank Jenkins, C.P.A., and Michael C. Hall are appointed as special Co-Managers/Trustees to carry out the terms of this Agreement and dissolve the Company.

*Id.* § 7.04(h). Stuller and Finfgeld are a majority of the managers; they are, in fact, the only managers. In the previous actions filed against the Company, Stuller and Finfgeld, in their capacities as managers, retained Conte and Morgan to represent the Company. It is clear the Operating Agreement vested them with this authority. Subsequently, Stuller and Finfgeld judged that there was a common dispute with Connelly that necessitated the dissolution of the Company pursuant to the Operating Agreement. Accordingly, Stuller and Finfgeld, in their capacities as managers, retained Conte and Morgan to represent them in this matter. It is clear the Operating Agreement provides for dissolution of the Company under certain conditions. It likewise clear that the two managers are vested with authority to carry out the terms of the Operating Agreement. As Stuller and Finfgeld, acting as managers on behalf of the Company, took these actions pursuant to the authority of the Operating Agreement, under which the Company exists and functions, these actions by definition cannot be materially adverse to the Company. Indeed, Stuller and Finfgeld would be taking actions materially adverse to the interests of the Company if they failed to carry out the terms called for in the Operating Agreement in the event of a common dispute. In bringing

this action, Stuller and Finfgeld are acting on behalf of the Company, not adversely to it.

Rule 1.9 additionally provides that consent can be granted by both the former and present client enabling the attorney to undertake representation. Stuller and Finfgeld, as managers of the Company, executed such consent in writing on behalf of the Company, stating that they "waive[d] any conflict or potential conflict of interest involved in your naming Stuller, Connelly & Finfgeld, L.L.C., as a party defendant in and proceeding with a lawsuit to bring about the dissolution of the L.L.C." Plaintiffs' Response to Connelly's Motion To Disqualify Plaintiff's Counsel, at Ex. 1 (Sept. 28, 2015).

The Court does not find that Conte and Morgan are representing a new client in the same or a substantially related matter in which that new client's interests are materially adverse to the interests of the former client. The Court further finds that both the new client and former client have consented to the representation in writing after consultation. The Motion for Disqualification is denied.

*Motion To Appoint Trustee*

As previously stated, the Operating Agreement contains the following paragraph in Article VII, Section 7.04(h):

> In the event of a common dispute on [sic] in the event all of the Members passed away within a period of thirty days, then Frank Jenkins, C.P.A., and Michael C. Hall are appointed as special Co-Managers/Trustees to carry out the terms of this Agreement and dissolve the Company.

Stuller and Finfgeld seek judicial dissolution of the Company and appointment of a trustee pursuant to this section. They also request this Court to exercise the authority granted to it in Va. Code § 13.1-1047. The Court finds that the request for statutory relief is premature. Section 13.1-1047 must be read in conjunction with § 13.1-1046. That statute states in pertinent part as follows:

> A limited liability company organized under this chapter is dissolved and its affairs shall be wound up upon the happening of the first to occur of the following events: 1. At the time or on the happening of any events specified in writing in the articles or organization or an operating agreement; 2. Upon the unanimous written consent of the members; 3. The entry of a decree of judicial dissolution under § 13.1-1047. . . .

*Id.* § 13.1-1046. Stuller and Finfgeld allege that an event "specified in writing in . . . an operating agreement," namely, a common dispute, has occurred. If such an event has "first" occurred, the statute allows the

dissolution of the Company pursuant to the terms of the Agreement, and this Court would not need to exercise its authority pursuant to § 13.1-1047. Therefore, the dispositive issue is whether a common dispute exists that triggers the provisions of Article VII 7.04(h) of the Operating Agreement.

Stuller and Finfgeld allege in their Complaint that "Connelly's actions . . . have created a common and irreconcilable dispute among the members of the Company." Comp. ¶ 12. Connelly denies that allegation. Ans. ¶ 12. In his Response to the Motion To Appoint Trustee, however, Connelly states that he "has filed a separate action with this court which seeks damages for, among other things, breach of the LLC's Operating Agreement and fraud in the inducement to enter into a compensation sharing agreement (Case No. CL15002346-00)." Resp. Comp. ¶ 6. Connelly further states that Stuller and Finfgeld "have filed a counter-complaint in that action seeking damages for alleged breach of the compensation sharing agreement." *Id.* ¶ 7. In his Motion To Dismiss, Connelly states that he filed "a complaint for judicial dissolution" of the Company. Motion To Dismiss, at ¶ 1 (Sept. 17, 2015). Connelly states that this complaint "alleged the fact that there was a dispute among the members which made it impracticable to carry on the business of the LLC." *Id.* ¶ 8. This Complaint was ultimately nonsuited. In his brief in support of his Motion To Dismiss, Connelly states that he alleged "there was a dispute among the members of the LLC which made it not reasonably practicable to carry on the business of the LLC." Defendant Michael Connelly's Brief in Support of His Motion To Dismiss, at 3 (Oct. 9, 2015). Connelly further states that he "alleged additional facts dating back to October of 2014 to support the existence of such a dispute." *Id.* During oral argument on October 15, Counsel for Connelly stated that there is a "disagreement" between the parties. Stuller and Finfgeld presented the record of the various lawsuits as evidence of a common dispute.

Stuller and Finfgeld alleged the issue of a common dispute in their Complaint and Connelly denied it in his Answer. Therefore, the pleadings manifest a dispute concerning a material fact. As such, Stuller and Finfgeld's motion to appoint a Trustee is akin to — if it is not in fact — a motion for summary judgment. Therefore, the Court will draw all reasonable inferences in favor of Connelly. Considering the pleadings, Connelly's statements made in various motions and briefs, representations of counsel during the hearing, and the existence of the other actions between these parties, the Court finds that there is a common dispute among the parties. Accordingly, the Court finds that the Operating Agreement is controlling. The Operating Agreement provides that "Frank Jenkins, C.P.A., and Michael C. Hall are appointed as special Co-Managers/Trustees to carry out the terms of this Agreement and dissolve the Company." Op. Ag. § 7.04(h). The Court will take under advisement Stuller and Finfgeld's motion that the Court dissolve the Company pursuant to § 13.1-1047 pending the actions of Messrs. Jenkins and Hall.

 

## *Motion for Sanctions*

The Motion for Sanctions is denied.

## *Decision*

The Court denies the Motion for Disqualification of Plaintiffs' Attorney, denies the Motion for Sanctions, and takes the Motion for Appointment of Trustee under advisement.